UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:14-cv-80651-DMM

ADVANCED GROUND INFORMATION
SYSTEMS, INC.,

               JURY TRIAL DEMANDED

   Plaintiff.

vs

LIFE360, INC.,

   Defendant.
_____/

## JOINT SCHEDULING CONFERENCE REPORT AND DISCOVERY PLAN

The parties having met and conferred on June 26, 2014, in accordance with Local Rule 16.1(b)(1), hereby timely submit this joint scheduling conference report pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b)(2).

  **A.**  **The Likelihood of Settlement**

The parties have discussed settlement and concluded that at this time, settlement appears unlikely.

  **B.**  **The Likelihood of Appearance in the Action of Additional Parties**

At this time, the parties do not anticipate any appearance in the action of additional parties.

  **C.**  **Proposed Limits on the Time:**

    **i.**  **To Join Other Parties and to Amend the Pleadings**

The parties propose a deadline of **August 1, 2014** for joinder of parties or to amend the pleadings without leave of the Court.

  **ii.**  **To File and Hear Motions**

The parties propose a deadline of **February 4, 2015** for the filing of any *Daubert* or dispositive motions. The parties further propose a deadline of **February 18, 2015** for the filing of any opposition to any *Daubert* or dispositive motions.

  **iii.**  **To Complete Discovery**

The parties propose that fact discovery close on **November 21, 2014**, and that expert discovery close on **January 28, 2015**.

  **D.**  **Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment**

The parties agree to the exchange of Infringement and Invalidity Contentions, and propose that AGIS shall serve its Initial Infringement Contentions by **July 23, 2014**, and that Life360 shall serve its Initial Invalidity Contentions by **August 6, 2014**. The parties further agree to the exchange of Amended Infringement Contentions two weeks after a claim construction ruling, and exchange of Amended Invalidity Contentions four weeks after a claim construction ruling.

**Infringement Contentions.** The Infringement Contentions shall contain the following information:

  (a) Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. §271 asserted;

  (b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c) A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

(d) For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

(e) Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality; and

(f) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled.

Within 2 weeks after the Infringement Contentions, the party claiming patent infringement shall produce to each opposing party or make available for inspection and copying:

(a) Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

(b) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the identified priority date, whichever is earlier;

(c) A copy of the file history for each patent in suit; and

(d) All documents evidencing ownership of the patent rights by the party asserting patent infringement.

The producing party shall separately identify by production number which documents correspond to each category.

**Invalidity Contentions.** The Invalidity Contentions shall contain the following information:

(a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(b) Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

(c) A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

(d) Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

Within 2 weeks after the Invalidity Contentions, the party opposing a claim of patent infringement shall produce or make available for inspection and copying:

(a) Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its contentions chart; and

(b) A copy or sample of the prior art identified by Life360 which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced.

The producing party shall separately identify by production number which documents correspond to each category.

E. **The Necessity or Desirability of Amendments to the Pleadings**

At this time neither party intends to amend the pleadings. However, as recited in section (i) above, the parties propose a deadline of **August 1, 2014** to amend the pleadings without leave of the Court.

F. **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence**

The parties will negotiate appropriate stipulations as issues arise, and if necessary will seek rulings from the Court in advance of trial.

G. **Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence**

The parties will negotiate appropriate stipulations as issues arise, and if necessary will seek rulings from the Court in advance of trial.

H. **Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master**

Neither party would object to the referral of discovery matters to a Magistrate Judge.

I. **A Preliminary Estimate of the Time Required for Trial**

The parties estimate that no more than 10 days will be required for trial.

J. **Requested Date or Dates for Conferences Before Trial, a Final Pretrial Conference, and trial**

The parties understand that a Final Pretrial Conference will be held on March 4, 2015.

CASE NO. 9:14-CV-80651-DMM

**K.   What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made**

The parties propose that the Rule 26(a) initial disclosures will be served no later than

**July 18, 2014.**

**L.   The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues**

Discovery will be required on patent infringement, damages, invalidity and equitable-

relief issues.  The parties propose the discovery deadlines set forth in the joint proposed

scheduling order that accompanies this report.

**M.   Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced**

The parties are negotiating terms for discovery and production of electronically stored

information and will seek a ruling from the Court if they are unable to agree.

**N.   Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order**

The parties have negotiated terms for a joint proposed stipulated protective order, a copy

of which is being submitted for approval and entry by the Court.

**O.   What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**

The parties do not propose any alterations to the Federal or Local Rules.

**P.     Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)**

As set forth in section N above, the parties have agreed on terms for a Stipulated Protective Order and hereby enclose it for the Court's consideration. The parties respectfully request entry by the Court of the attached Proposed Stipulated Protective order

| | |
|---|---|
| Date:   July 10, 2014 | Respectfully submitted, |
| **LOTT & FISCHER, PL** | **SHUTTS & BOWEN LLP** |
| s/ Ury Fischer | s/ Eric C. Christu |
| Ury Fischer<br>Florida Bar No. 048534<br>E-mail: ufischer@lottfischer.com<br>Adam Diamond<br>Florida Bar No. 091008<br>E-mail: adiamond@lottfischer.com<br>355 Alhambra Circle, Suite 1100<br>Coral Gables, FL 33134<br>Telephone: (305) 448-7089<br>Facsimile: (305) 446-6191 | Eric C. Christu<br>Florida Bar No. 434647<br>E-mail: echristu@shutts.com<br>525 Okeechobee Boulevard, Suite 1100<br>West Palm Beach, FL  33401<br>Telephone: (561) 835-8500<br>Facsimile: (561) 650-8530 |
| Mark A. Hannemann*<br>New York  Bar No. 2770709<br>E-mail: mhannemann@kenyon.com<br>Thomas R. Makin*<br>New York Bar No. 3953841<br>E-mail: tmakin@kenyon.com<br>Matthew G. Berkowitz*<br>New York Bar No. 4397899<br>E-mail: mberkowitz@kenyon.com<br>Rose Cordero Prey*<br>New York Bar No. 4326591<br>E-mail: rcordero@kenyon.com<br>Anne E. Li*<br>New York Bar No. 4480497<br>E-mail: ali@kenyon.com<br>Vincent J. Rubino, III*<br>New York Bar No. 4557435<br>E-mail: vrubino@kenyon.com<br>Rose Cordero Prey*<br>New York Bar No. 4326591 | I. NEEL CHATTERJEE (Bar No. 173985)<br>*Admitted pro hac vice*<br>nchatterjee@orrick.com<br>Gabriel M. Ramsey (Bar No. 209218)<br>*Admitted pro hac vice*<br>gramsey@orrick.com<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>1000 Marsh Road<br>Menlo Park, California  94025<br>Telephone:     +1-650-614-7400<br>Facsimile:       +1-650-614-7401<br><br>Benjamin J. Hofileña (Bar No. 227117)<br>*Admitted pro hac vice*<br>bhofilena@orrick.com<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>777 South Figueroa Street<br>Suite 3200<br>Los Angeles, California  90017<br>Telephone:     +1-213-629-2020 |

E-mail:  rcordero@kenyon.com
**KENYON & KENYON, LLP**
One Broadway
New York, NY  10004-1007
Telephone:     (212) 425-7200
Facsimile:      (212) 425-5288
*\* admitted pro hac vice*

*Attorneys for Plaintiff Advanced Ground Information Systems, Inc.*

Facsimile:         +1-213-612-2499

James Maune (Bar No. 293923)
*Admitted pro hac vice*
jmaune@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
2050 Main Street
Suite 1100
Irvine, California  92614-8255
Telephone:     +1-949-567-6700
Facsimile:      +1-949-567-6710

*Attorneys for Defendant Life360, Inc.*

8

CASE NO. 9:14-CV-80651-DMM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 10, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

s/ Ury Fischer
Ury Fischer

## SERVICE LIST
*Advanced Ground Information Systems, Inc. v. Life360, Inc.*
**United States District Court, Southern District of Florida**
**CASE NO. 9:14-CV-80651-DMM**

Service via CM/ECF generated Notices of Electronic Filing:

| | |
|---|---|
| Eric C. Christu<br>E-mail: echristu@shutts.com<br>Daniel Barsky<br>E-mail: dbarsky@shutts.com<br>**SHUTTS & BOWEN, LLP**<br>525 Okeechobee Blvd., Suite 1100<br>West Palm Beach, FL  33401<br>Telephone: (561) 835-8500<br>Facsimile: (561) 650-8530<br><br>James Maune<br>E-mail: jmaune@orrick.com<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>2050 Main Street, Suite 1100<br>Irvine, CA  92614<br>Telephone:  (949) 567-6700<br>Facsimile:  (949) 567-6710 | Benjamin J. Hofilena, Jr.<br>E-mail: bhofilena@orrick.com<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, CA  90017<br>Telephone:  (213) 629-2020<br>Facsimile:  (213) 612-2499<br><br>Neel Chatterjee<br>E-mail: nchatterjee@orrick.com<br>Gabriel M. Ramsey<br>E-mail:  gramsey@orrick.com<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>1000 Marsh Road<br>Menlo Park, CA  94025<br>Telephone:  (650) 614-7400<br>Facsimile:  (650) 614-7401 |