UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-cv-80651-MIDDLEBROOKS

ADVANCED GROUND INFORMATION
SYSTEMS, INC.,

    Plaintiff,

v.

LIFE360, INC.,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendant Life360, Inc.'s ("Life360") Motion for Summary Judgment of Non-Infringement and No Willful Infringement (DE 101), filed on February 6, 2015. On February 18, 2015, Plaintiff Advanced Ground Information Systems, Inc. ("AGIS") filed a response (DE 109), to which Defendant replied (DE 125) on February 25, 2015. Life360 moves for summary judgment that none of the claims asserted by AGIS are infringed, and that AGIS cannot prove willful infringement as a matter of law. (DE 161 at 1). For reasons stated below, Life360's Motion for Summary Judgment is denied.

**I.    Background.**

On May 16, 2014, AGIS filed a complaint, alleging patent infringement by Life360. (DE 1). Life360 developed a smartphone software application ("Family Locator App"), which is available for iOS, Android, and Windows smartphones. (DE 102 at ¶ 1). Life360 describes the Family Locator App as a means for users to "see where [their] family and friends are on a private map, stay in touch with group and one-on-one messaging, and get help in an emergency." Life360, www.life360.com/faq/ (last visited Mar. 2, 2015).

AGIS's technology ("LifeRing") "provides first responders, law enforcement, and military personnel" the ability to "exchange location, heading, speed, and other information with other members of their group, see each other's locations superimposed onto onscreen maps and satellite images, and rapidly communicate and coordinate their efforts." (DE 1 at ¶ 10). AGIS alleges the Family Locator App infringes four of its patents: U.S. Patent No. 7,031,728 (the "'728 Patent"); U.S. Patent No. 7,672,681 (the "'681 Patent"); U.S. Patent No. 7,764,954 (the "'954 Patent"); and U.S. Patent No. 8,126,441 (the "'441 patent") (collectively, "patents-in-suit"). Specifically, AGIS alleges that Life360 infringes claim 7 of the '728 patent, claim 1 of the '681 Patent, claims 1 of the '954 Patent, and claim 5 of the '441 Patent.[1] (DE 124).

## II. Legal Standard.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Apotex USA, Inc. v. Merck & Co.*, 254 F.3d 1031, 1034 (Fed. Cir. 2001) (quoting Fed. R. Civ. P. 56). The moving party bears the initial burden of demonstrating the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that establish the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

If the moving party meets this initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P.

---

[1] On February 25, 2015, after Life360 filed its Motion for Summary Judgment and AGIS filed its response, the Parties stipulated that claim 2 of the '954 Patent and claims 1-4 and 6-8 of the '441 Patent are dismissed without prejudice.

2

56(e); *Celotex*, 477 U.S. at 324. The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 247-48. An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute might affect the case's outcome. *See id.* at 248. Factual disputes are genuine if they "properly can be resolved in favor of either party." *Id.* at 250. Thus, a genuine issue for trial exists if the non-movant presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in its favor. *Id.* However, "[i]f the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted).

## III. Discussion.

### A. Infringement

"A method claim is directly infringed when someone practices every step of the patented method." *Ericcson, Inc. v. D-Link Sys.*, 773 F.3d 1201, 1219, 1221 (Fed. Cir. 2014) ("[T]he direct infringer must *actually* perform the steps in the method claim."). Life360 argues that no single user of the Family Locator App performs all of the method steps asserted by AGIS and, therefore, it cannot infringe the asserted claims as a matter of law. (DE 101 at 7). AGIS disagrees, and contends that "the administrative users of LIFE360's smartphone app[] ('admin users,' who form 'circles and invite other users to join them') individually carry out each step of the claimed methods, using only their own smartphones." (DE 109 at 3). In reply, Life360 maintains that "[t]his [admin] theory is untenable because . . . there is not a shred of evidence that 'an admin user has ever performed, or could perform, all of the steps of the claims.'" (DE 125 at 3).

Despite Life360's arguments to the contrary, AGIS has presented evidence in support of its "admin" user theory. For example, Life360 argues that no single user "provides software onto 'each' other user's phone." (DE 101 at 8). AGIS asserts that "[t]he Life360 admin user performs the 'providing software' step when he invites another user to join a circle." (DE 109 at 6) (citing DE 110, Ex. 1, Carbonell Dep. Tr. at 94:21-95:6; Ex. 2, Carbonell Report at ¶¶ 64-74, 80-90, 95-96; Ex. 4, Haro Dep. Tr. at 85:4-87:12, 198:14-19; Ex. 5, Gross Dep. Tr. at 21:5-9, 23:23-24:4). Further, AGIS argues that "[b]y following the link provided by the admin, the software and data is downloaded and stored on the invitee's phone automatically." (DE 109 at 6).

In support, AGIS presents several emails where an alleged admin user invited another individual to join their "circle." (DE 110, AGIS's Statement of Disputed Facts, Ex. 14; Ex. 15). Additionally, AGIS has presented evidence of alleged admin users who likely had their invitations accepted, or otherwise provided the Family Locator App to another user. (*Id.* Ex. 6, "Recently installed life 360 on my Samsung Aviator and both my son's phone."); (Ex. 7 at 447, "Whenever Zach deletes the app, Suzanne makes him download it again before he's allowed out."); (Ex. 8, "I tried updating my daughters phone and having her go back in to the life 360 app. . . . I even deleted her from my family circle and added her back again."). For these reasons, AGIS has raised a genuine issue of material fact as to whether an admin user has provided software that was accepted by another user, thereby satisfying the "providing . . . software" steps found in claim 7 of the '728 Patent, claim 1 of the '681 Patent, and claim 1 of the '954 Patent.[2] Because there exits genuine issues of material fact as to infringement, Life360's Motion for Summary Judgment as to noninfringement is denied.

---

[2] For similar reasons, there are genuine issues of material fact as to whether the admin user is capable of displaying symbols on other users' phones (claim 1 of the '954 Patent), and providing

4

## B. Willfulness

AGIS asserts that Life360 has willfully infringed each of the patents-in-suit. (DE 1 at ¶¶ 20, 29, 38, and 47). However, Life360 argues that "AGIS cannot show, by clear and convincing evidence, that Life360 acted despite an objectively unreasonable risk it was infringing a valid patent" and summary judgment of no willfulness is, therefore, appropriate. (DE 101 at 18).

Pursuant to *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007), "a willful infringement determination requires a two-pronged analysis entailing separate objective and subjective inquiries." *See Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1236 (Fed. Cir. 2011). First, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate*, 497 F.3d at 1371. If this prong is satisfied, "the patentee must [then] demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id.*

A patentee must prove the objective prong of the willful infringement inquiry "as a predicate to the jury's consideration of the subjective prong." *Powell*, 663 F.3d at 1236 (citing *DePuy Spine Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1335-37 (Fed. Cir. 2009)). Under the objective prong, "the ultimate legal question of whether a reasonable person would have considered there to be a high likelihood of infringement of a valid patent should always be decided as a matter of law by the judge." *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 682 F.3d 1003, 1008 (Fed. Cir. 2012). Generally, the "'objective' prong of *Seagate* tends not to be met where an accused infringer relies on a reasonable defense to a charge

---

and storing phone numbers on other users' phones (claim 7 of '728 Patent and claim 1 of '681 Patent). (DE 109 at 3-10).

of infringement." *Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1319 (Fed. Cir. 2010).

Here, Life360's infringement and invalidity positions are not fully developed and thus, the Court is unable to determine whether these positions are objectively reasonable. The Court, therefore, defers ruling on the issue of willfulness. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Life360's Motion for Summary Judgment of Non-Infringement and No Willful Infringement (DE 101) is **DENIED**. Defendant Life360 is not entitled to summary judgment as to noninfringment. Defendant Life360 may move for Judgment as a Matter of Law as to willfulness at trial.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida on this 3 day of March, 2015.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record