UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:14-cv-80651-MIDDLEBROOKS/Brannon

ADVANCED GROUND INFORMATION
SYSTEMS, INC.,

                                                          JURY TRIAL DEMANDED

         Plaintiff,

vs

LIFE360, INC.,

         Defendant.
_____/

**AGIS'S BRIEF IN OPPOSITION TO LIFE360'S SUPPLEMENTAL BRIEF
REGARDING MOTIONS *IN LIMINE* NOS. 5 AND 6**

      Life360 requests, through the guise of supplemental briefing on two motions *in limine* (DI 143)*,* the Court reconsider its denial of Life360's Motion for Summary Judgment (DI 101) at the pretrial conference on March 6, 2015.  Specifically, Life360 argues that AGIS should be prohibited from arguing at trial that a single user can perform all of the steps of three of the four asserted patent claims.  Life360 bases its motion on two false premises: (i) that it was unaware until 16 days ago of Life360's infringement arguments in this regard and (ii) that AGIS's expert report in particular does not support this theory of infringement.  (DI 143 at 1.)

I.      *The "Providing" Limitations of the Asserted Claims*

      Life360's motion focuses on the claim requirement that software be provided to each of the phones in the claimed network.  There is another closely related "providing" term in the claims, which requires that a phone number be provided to each of the phones.  The two "providing" terms are best understood together.

      Claim 7 of the '728 patent and claim 1 of the '681 patent each require:

> b) providing and storing in each of the participant cellular phones one or more cellular phone telephone numbers . . . ;
>
> c) providing initiating cellular phone calling software in each cellular phone . . . .

Claim 1 of the '954 patent requires:

> providing each cellular/PDA/GPS phone with a software application program . . . .

II.   *AGIS's Intended Expert Testimony Regarding Use of the Life360 App*

AGIS intends to argue at trial that the limitations of the asserted claims may be performed by any of various users of Life360. So, for example, AGIS intends to argue that Life360 directly infringes when its employees perform the steps, either alone or together, and indirectly when its users perform the steps, either alone or together. As a further example, AGIS intends to argue that a single "admin" user directly infringes by performing all of the steps himself. This latter example includes both situations in which the admin user physically controls all of the phones and situations in which the admin user performs all of the steps through the physical use of only a single phone.[1]

In support of its legal theories of infringement, AGIS intends to introduce technical expert testimony from Dr. Jaime Carbonell. Dr. Carbonell has not opined on the ultimate issue of infringement; rather, his Expert Report describes the ways in which each limitation may be performed by "a user" of Life360's app. The lawyers, together with the jury instructions, will provide the jury with the permissible infringement theories which these facts may (or may not) support.

---

[1] It is presumably regarding this latter argument that Life360 protests.

2

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

To that end, with respect to the "providing" terms, AGIS intends to introduce expert testimony that, *inter alia*, (i) a user of the Life360 app provides software to himself by downloading it, (ii) that same user provides a phone number to other phones by inviting others to his "circle," and (iii) that same user provides the software to his invitees.

III.     *Support for AGIS's Intended Expert Testimony in Dr. Carbonell's Expert Report*

In Dr. Carbonell's expert report, he describes the download and invitation process in a manner entirely consistent with, and supportive of, the above-intended trial testimony:

> 26.    After a user finds and clicks on the Life360 app, the iTunes app store takes him or her to the Life360 download page. The user then clicks the "Get" button to download the application to his or her phone.
>
> \*          \*          \*
>
> 28.    After installing Life360, and registering or logging in, a first-time user may then invite other members to his or her "circle." A user can invite others to his or her circle by pressing the add family members button (*i.e.,* a button on the bottom far right represented by a "plus" sign, the word "Add," and an icon of the outline of a generic person) .
>
> \*          \*          \*
>
> 31.    More specifically, once a user has added other members to his or her circle (or has accepted an invitation to someone else's circle), the other circle members are displayed on the map (if practicable) along with the user.
>
> \*          \*          \*
>
> 40     A user adds a circle by pressing the "add-family" button (I note that, in the current version, this button appears as the "add circle" button), providing a name for that family, and pressing the continue button. (Haro Tr. at 85:13–20) A user may then add members to the new circle with the "plus" button, as described above.
>
> 41.    A user is alerted about an invitation to join someone else's circle by receiving an email invite, a push notification, or an in-app message. (Haro Tr. at 86:16–87:4) I have also observed that users may receive circle invitations as text messages. A user has the option to accept or decline. (Haro Tr. at 87:7) Upon acceptance, the Life360 app sends an

3

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

>     API request to Life360's servers, which then adds the user to the family.
>     (Haro Tr. at 87:10–13)

Carbonell Report.

> Dr. Carbonell then specifically compares, in his report, these download and invitation activities to the "providing" limitations in the claims. Carbonell Report at ¶¶ 63, 70-74.

IV.  **Dr. Carbonell's Deposition Transcript Demonstrates that Life360 Understood AGIS's Infringement Contentions**

> Even if Life360 were correct that Dr. Carbonell was imprecise in his technical explanations in his Expert Report, there is no dispute here about what actually happens: (i) an admin user downloads the Life360 app, (ii) he sends an invitation that distributes to circle members at least one phone number, and (iii) the invitation includes a link to the Life360 software, which the invitee may accept or not (a step that is *not* required by the claim). AGIS expects that Life360's witnesses, live and through deposition, will admit the same at trial.

> And, in fact, this was exactly the subject of Dr. Carbonell's deposition.

> First, Dr. Carbonell was queried about the provision of phone numbers:

>> Q. Okay. So if I invite someone using their phone number, does that invitation process provide that phone number in each of the circle member's cell phones?
>>
>> A. Yes, because that will be then transmitted to the other circle members' cell phones.

Carbonell Dep. Tr. at 53:5-11.

> Dr. Carbonell was also queried about the invitation which provides the software to others:

>> Q. Okay. So providing it means -- I think you say that in 106, downloading it means downloading and installing?
>>
>> A. Yes.
>>
>> Q. And does each user need to take that step?

4

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

> A. Well, the inviting user is the one, as we discussed before, that triggers the cascade of events or sequence of events that results in that downloading unless the user had already downloaded before, in which case, as we had the discussion before this, providing or ensuring that it's there could be more general than establishing if it had already been preestablished.

Carbonell Dep. Tr. at 94:17-95:6.

And, Dr. Carbonell was queried about the interaction between the provision of the software and the provision of the phone numbers to others:

> Q. Okay. So before the phone number is sent, the invitation has to be accepted, is that correct?
>
> A. That is correct. So the user initiates a cascade of events, sending the invitation, accepting the invitation, possibly providing additional -- possibly having the others add additional information, and then the Life360 app takes that information and makes it available to the other circle members. If your question is, is it a multi-step process, yes.
>
> Q. Right, and I guess I'm trying to figure out who is actually providing the cellular phone number in that multi-step process?
>
> A. It is the user that makes the invitation and/or it is the user that makes the invitation requesting it of others, so that the whole process provides it.
>
> Q. So it's the user that makes the invitation that's providing the cellular phone numbers?
>
> A. Yes.

Carbonell Tr. at 53:15-54:12.

Last, Dr. Carbonell was specifically queried about both the initial downloading of the software and the subsequent provision of software to others via an invitation:

> Q. So how does a user provide cellular phone calling software in each cellular phone—in each member's cellular phone?
>
> A. When a user downloads the application, the software that connects the—well, displays the soft switch that connects the soft switch to the

5

> native calling that passes the phone number—that looks up the phone number associated with a member that corresponds to that soft switch and passes that phone number to the native calling software is all downloaded as part of Life360.
>
> Q. And this is in the phone of the person who downloaded the app, is that correct?
>
> A. Yes.
>
> Q. Okay. And would that also download initiating calling software in any other member's phone?
>
> A. Well, yes, if I invite a member -- sorry. If I invite someone to be a member and that person is not yet a member of another circle in Life360 that would induce them to download Life360 if they wished to accept the invitation.

Carbonell Dep. Tr. at 60:25-61:25

V.     Conclusion

The explanations of who "provides" software and phone numbers in AGIS's opposition to Life 360's summary judgment motion are fully supported by Dr. Carbonell's report and deposition testimony. The fact that Life 360 disagrees does not mean that they are prejudiced in any way. On the contrary, since the underlying technical facts about how the Life 360 app actually works are not in dispute, it is clear that they are not prejudiced. Life360 can argue its interpretation of who performs each step in the claims to the jury, and AGIS can argue its interpretation.

*[signature on following page]*

CASE NO. 9:14-CV-80651-DMM

Date:   March 6, 2015               Respectfully submitted,

**LOTT & FISCHER, PL**

s/ Mark A. Hannemann
Ury Fischer
Florida Bar No. 048534
E-mail: ufischer@lottfischer.com
Adam Diamond
Florida Bar No. 091008
E-mail: adiamond@lottfischer.com
355 Alhambra Circle, Suite 1100
Coral Gables, FL 33134
Telephone: (305) 448-7089
Facsimile: (305) 446-6191

Mark A. Hannemann*
New York  Bar No. 2770709
E-mail: mhannemann@kenyon.com
Thomas R. Makin*
New York Bar No. 3953841
E-mail: tmakin@kenyon.com
Matthew G. Berkowitz*
New York Bar No. 4397899
E-mail: mberkowitz@kenyon.com
Rose Cordero Prey*
New York Bar No. 4326591
E-mail: rcordero@kenyon.com
Vincent J. Rubino, III*
New York Bar No. 4557435
E-mail: vrubino@kenyon.com
George E. Badenoch *
New York Bar No. 1165323
E-mail:  gbadenoch@kenyon.com
**KENYON & KENYON, LLP**
One Broadway
New York, NY  10004-1007
Telephone:    (212) 425-7200
Facsimile:     (212) 425-5288
*admitted pro hac vice*
***Attorneys for Plaintiff Advanced Ground Information Systems, Inc.***

CASE NO. 9:14-CV-80651-DMM

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on March 6, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

               s/ Ury Fischer
               Ury Fischer

## SERVICE LIST
*Advanced Ground Information Systems, Inc. v. Life360, Inc.*
**United States District Court, Southern District of Florida**
**CASE NO. 9:14-CV-80651-DMM**

**SHUTTS & BOWEN, LLP**
Eric C. Christu
Florida Bar No. 434647
E-mail: echristu@shutts.com
Daniel Barsky
Florida Bar No. 25713
E-mail: dbarsky@shutts.com
525 Okeechobee Blvd., Suite 1100
West Palm Beach, FL  33401
Telephone: (561) 835-8500
Facsimile: (561) 650-8530

**THE WEBB LAW FIRM**
Kent E. Baldauf, Jr.*
E-mail:  kbaldaufjr@webblaw.com
Bryan P. Clark*
E-mail:  bclark@webblaw.com
Cecilia R. Dickson*
E-mail:  cdickson@webblaw.com
James L. Bosco, Jr.**
E-mail:  jbosco@webblaw.com
One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1200
Pittsburgh, PA  15222
Telephone:  (412) 471-8815
*Attorneys for Defendant Life360, Inc.*