UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-cv-80651-MIDDLEBROOKS

ADVANCED GROUND INFORMATION
SYSTEMS, INC.,

    Plaintiff,

v.

LIFE360, INC.,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ATTORNEYS' FEES

Life360 Inc. ("Life360"), the prevailing party in this patent case, has moved for award of attorneys' fees and non-taxable expenses, along with pre- and post- judgment interest. The Plaintiff, Advanced Ground Information Systems, Inc. ("AGIS") responds that its infringement case was objectively reasonable, litigated in good faith, and there is no basis for any award of attorneys' fees. I have reviewed the Motion, the Response, Life360's Reply, and presided over the jury trial which resulted in a finding of no infringement. The jury, however, did not invalidate the AGIS patent.

35 U.S.C. § 285 of the Patent Act provides that a district court "in exceptional cases may award reasonable attorney fees to the prevailing party." The Supreme Court has held that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). This requires a case-by-case exercise in discretion, considering the totality of the circumstances. *Id.* Sanctionable conduct is not a necessary

benchmark. *Id.* Moreover, courts maintain an inherent power to order fee-shifting "when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ." *Id.* (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59 (1975)).

This was an exceptionally weak case, especially with respect to the asserted method claims, which were the only claims remaining after claim construction. Every asserted method claim involved steps that could only be performed by multiple users on different cellular phones, or even by third-party servers. Infringement of a method claim requires a showing that a *single party* performed each and every step of the claim, and inducement liability must be predicated on an act of direct infringement (i.e. for a method claim, infringement by a single party). *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111 (2014). *See also*, *Akamai Techs., Inc v. Limelight Networks, Inc.*, 786 F.3d 899 (Fed. Cir. 2015), *on reh'g en banc*, 797 F.3d 1020, *and reh'g en banc granted, opinion vacated*, 612 F. App'x 617. Users of the Life360 app could not perform the asserted method claim because no user had control of other users in a circle. Moreover, neither Life360 or its users controlled or maintained "a remote network server" that could transmit maps to other users in the circle. Additionally, Claim I of the '954 Patent required accessing a website that enables a user to establish both public and private networks, but any contention that the Life360 app allowed users to do so was completely untenable after claim construction.

These Parties never competed, never lost business to each other, indeed had never heard of each other before AGIS lawyers sent a demand letter to Life360, a startup company that, while showing promise, had never made a profit. The letter demanded that Life360 either negotiate a royalty or shut down its service. The Complaint claimed, without any basis that it was being irreparably harmed by Life360, that Life 360 should be enjoined from operation. While I stop short of a finding of bad faith, continued assertion of these claims seemed designed to extract settlement not based upon the merits of the claim but on the high cost of litigation.

AGIS, in arguing the case was not exceptional, points to the denial of summary judgment and the fact that I submitted the case to the jury and did not grant Life360's Motion for Judgment as a Matter of Law. I considered granting summary judgment in favor of Life360 but did not because of an argument that the claimed method steps were performed automatically as a result of sending an invitation to join a circle. While I reserved ruling on the Motion for Judgment, I did so having decided that, should it prove necessary, I would enter judgment in favor of Life360 on the infringement claim.

Having concluded the case was exceptional, I turn to the amount of fees that should be awarded. The Complaint in the case was filed on May 15, 2014. The Supreme Court's decision in *Limelight Networks*, 134 S. Ct. 2111 was decided June 2, 2014. This decision confirmed the single part impediment to the method claims. On November 21, 2014, I issued a *Markman* Order which held the system claims indefinite and construed "common interest network" and "private" and "public" networks. Given the Supreme Court's decision and my *Markman* construction, AGIS had no reasonable chance of success on its claims. I therefore award fees from November 21, 2014 through the conclusion of trial, March 13, 2015.

Life360 also seeks to recover expert witness fees, pre- and post- judgment interest, and non-taxable expenses. But 35 U.S.C. § 285 only authorizes a court to award reasonable attorney fees not expert witness fees, *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 377-79 (Fed. Cir. 1994), and as noted above, I am exercising discretion solely pursuant to § 285 and not relying upon any inherent power to sanction conduct. Therefore, expert witness fees are not awarded.

With respect to prejudgment interest, the Federal Circuit has held in a pre-*Octane Fitness* decision that "a district court does have authority, in cases of 'bad faith or other exceptional circumstances,' to award prejudgment interest on the unliquidated sum of an award made under Section 285." *Mathis v. Spears*, 857 F.2d 749, 761 (Fed. Cir. 1988). The court went on to say,

3

however, "[t]hat the court has a common law authority to exercise its inherent equitable power does not mean it must do so." *Id.* Assuming but not deciding that § 285 authorizes the award of prejudgment interest in the absence of a finding of bad faith, in the circumstances of this case, I do not find it appropriate. Furthermore, I do not find the award of non-taxable expenses to be warranted.

While AGIS raised questions about aspects of the fees requested, the reply represents that the invoices attached to its Motion are the bills that were submitted to Life360. The amounts of fees between November 21, 2014 and March 13, 2015 total $684,190.25.[1] These fees are reasonable in the view of the Court and, due to the exceptional nature of the case, should be awarded. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Attorneys' Fees (DE 190) is **GRANTED IN PART AND DENIED IN PART.** Judgment in the amount of **$684,190.25** shall be entered in favor of Life360.

**SO ORDERED** in Chambers at West Palm Beach, Florida, this __/__ day of December, 2015.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

---

[1] This total includes the sum of lead counsel fees, $602,346.25, plus local counsel fees, $81,844. Lead counsel fees were calculated by taking the sum of $920,045.00 (total fees incurred by lead counsel) *see* (DE 191-2 at 2), and subtracting $317,698.75 (lead counsel fees incurred before November 21, 2014 and after March 13, 2015), *see* (*id.* at 3-31). Local counsel fees were calculated in a similar manner.